UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JODY CARR,<br><br>                Plaintiff,<br><br>vs.<br><br>SGT. MILLER,<br><br>                Defendant. | Case No. 1:20-cv-00315-DCN<br><br>**SUCCESSIVE REVIEW ORDER** |

In this prisoner civil rights action, Plaintiff Jody Carr has submitted a Second Amended Complaint with exhibits (Dkt. 3), as ordered by the Court in the original case from which this case was severed. *See Carr v. Page*, 1:20-cv-00146-DCN, Dkt. 13. Plaintiff must obtain authorization from the Court to proceed on his pleadings because he is a prisoner. Having reviewed the Second Amended Complaint and exhibits, the Court enters the following Order.

1.  **Standard of Law**

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.*, citing *Twombly*, 550 U.S. at 556. A plaintiff must provide sufficient factual allegations to show that there is "more than a sheer possibility that a defendant has acted unlawfully." *Ibid*. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Ibid*.

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal*/*Twombly* standard.

The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Under the PLRA, the Court retains screening authority to dismiss claims "at any time"

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

SUCCESSIVE REVIEW ORDER - 2

during the litigation, regardless of fee payment. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff brings a due process claim under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

To state an actionable Fourteenth Amendment procedural due process claim, a plaintiff must allege facts showing "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (citation omitted).

### A. Liberty or Property Interest

Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466–68 (1983), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472, 482-86 (1995). The Due Process Clause itself does not confer on prisoners a liberty interest in being confined in the general prison population instead of under more restrictive conditions. *See id.* But, a state may create a "constitutionally-protected liberty interest by requiring its decisionmakers to base their decisions on objective and defined criteria," before so restricting prisoners. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). If a state law or prison regulation is deemed to have created a liberty interest, the next step is to determine whether a violation of the law

SUCCESSIVE REVIEW ORDER - 3

or regulation is actionable by focusing on the nature of the deprivation. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

### B. Deprivation of Liberty or Property Interest

Liberty interests created by state law or prison regulations that entitle an inmate to due process are "generally limited to freedom from restraint." *Sandin*, 515 U.S. at 484 (internal citations omitted). A liberty interest arises only if the conditions of confinement impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

To determine whether the conditions of confinement pose an atypical and significant hardship, courts must conduct a "case by case, fact by fact" analysis of the "condition or combination of conditions or factors" that the plaintiff experienced. *Serrano*, 345 F3d. at 1078 (citing *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir.1996)). That analysis includes: (1) if disciplinary, whether that condition was essentially the same as conditions in other forms of segregation, such as administrative segregation; (2) whether a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment"; and (3) whether the length of the plaintiff's sentence was affected. *Sandin*, 515 U.S. at 486-87; *see also Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000) (clarifying that, to prevail, a prisoner must establish a liberty interest, showing "that his confinement, *whether administrative or disciplinary*, presented "the type of atypical, significant deprivation [that] might conceivably create a liberty interest" (emphasis added).

### C. "Some Evidence" Standard

Due process for disciplinary actions demands only that the prison hearing officer's decision be supported by "some evidence," and that the evidence "have some indicia of reliability." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *Toussaint v. McCarthy*, 801 F.2d 1080, 1105 (9th Cir. 1986) ("*Toussaint I*"), *abrogated in part on other grounds by Sandin v. Conner*. The "some evidence" standard is minimally stringent, and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached." *Hill*, 472 U.S. at 455-56.

Within the "some evidence" determination, the credibility of witnesses and evidence is for prison officials, not the court or a jury, to decide. *Hill*, 472 U.S. at 455. Statements by unidentified inmate informants constitute "some evidence," provided that the record contains facts from which it could reasonably be concluded that the information was reliable. *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). When reviewing the facts of the hearing, the Court considers partiality, such as whether the hearing officer or appellate authority was involved in the investigation or charging process. *Walker v. Sumner*, 14 F.3d 1415, 1419–20 (9th Cir. 1994), *overruled on other grounds by Sandin*, 515 U.S. 472. Importantly, the "some evidence" inquiry is not aimed at whether state actors followed state law or prison procedures, but whether the procedural due process protections provided "survive constitutional scrutiny." *Walker*, 14 F.3d at 1420.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). The minimum procedural protections prison officials must

provide a prisoner facing disciplinary charges are: (1) written notice of the charges before the disciplinary hearing; (2) at least 24 hours to allow the prisoner to prepare for the hearing; (3) the right to call witnesses and present documentary evidence, unless doing so would be unduly hazardous to institutional safety or correctional goals; (4) assistance from another prisoner or staff person where the issues presented are complex or the prisoner is illiterate; and (5) a written statement by the factfinders detailing the evidence relied upon and the reasons for the disciplinary action; *See id.* at 564-70.

The prisoner does *not* have the right to cross-examine witnesses, but prison officials may allow it at their discretion, for example, if it does not pose a security issue or if the witness has not expressed fear of reprisal. *Wolff*, 418 U.S. at 567-68. There is no right to counsel. *Id.* at 569-70. The factfinder may be any prison official, but, weighing into the analysis is the question of whether he or she has "unlimited discretion" or is governed by prison regulations setting forth the goals of segregation. *Id*. at 571.

### D. "No Shred of Evidence" Exception to a Liberty-Interest Showing in Procedural Due Process Claims

An exception allowing a prisoner to pursue a procedural due process claim without showing a liberty interest may apply if prison officials have found a prisoner guilty of a disciplinary infraction at a hearing where "no shred of evidence of the inmate's guilt is presented." *Burnsworth v. Gunderson*, 179 F.3d 771, 775 (9th Cir. 1999). In that limited circumstance, a prisoner is entitled to pursue a due process claim even if he or she did not demonstrate a cognizable liberty interest, because a disciplinary hearing finding unsupported by evidence violates due process "wholly apart from the conditions of

confinement and without regard to the *Sandin* requirements." *Nonnette v. Small*, 316 F.3d 872, 878-79 (9th Cir. 2002).

2.  **Factual Allegations and Discussion**

Plaintiff brings a claim of deprivation of due process against Sergeant Miller. Plaintiff asserts that Miller wrongfully found him guilty of DOR #201677 for a false statement. He admits: "Sgt. Miller gave me light sanctions of 20 days commissary restrictions, and 10 days recreation restriction." Dkt. 3, p. 17; Dkt. 3-2, p. 17. Clearly, there is no liberty interest in avoiding such a "light" sanction, and, thus, it is evident from the pleadings that Plaintiff does not have a liberty interest and has not stated a claim upon which relief can be granted.

Further, Plaintiff's own allegations in his Second Amended Complaint show that he is unable to state a claim under the *Burnsworth v. Gunderson* exception. He asserts, and his Disciplinary Offense Report shows, that he was charged with the DOR because an independent investigative team from the Ada County Sheriff's Office formally investigated Plaintiff's allegations that he was sexually assaulted by another inmate and found and concluded that the allegations were false. The Ada County investigation report contained evidence that Plaintiff "had made false statements against another inmate, in an attempt to retaliate against that inmate." Dkt. 3-2, p. 17. In addition, the Ada County investigation report "included results from a polygraph test done on April 30, 2019, ... [which] showed that the accused had passed the polygraph test, after being asked a series of questions to find out if he had any sexual contact with Inmate Carr." *Id*.

The DOR also reported:

SUCCESSIVE REVIEW ORDER - 7

>Other evidence discovered during the Ada County investigation corroborated that Inmate Carr had solicited other inmates to make false claims, false witness, and even assault inmate Carr in exchange for payment. These actions were done by Inmate Carr with the ultimate goal of generating future factitious [sic] lawsuits that target staff and other inmates.
>
>The collective evidence shows that Inmate Carr made false statements that resulted in a formal investigation by the Ada County Sheriff's department.

*Id*. Appellate authority Timothy McKay reviewed Plaintiff's DOR guilty finding and concluded that "the report supports the findings of the DOR with more than the required "some evidence." *Id*., p. 18.

Plaintiff, a frequent litigator in this court, is well aware that he cannot assert a due process claim based on "no evidence" if there is "some evidence" in the DOR record that supports the claim. A mere disagreement with the evidence that was presented does not equal a claim of "no evidence." Because Plaintiff acknowledged that Defendant relied on an independent report from the County, rather than an internal investigation, Plaintiff is unable to state a claim under the exception. It is worth repeating that the "some evidence" standard is minimally stringent, and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached." *Hill*, 472 U.S. at 455-56 (emphasis added).

The Court has authority to request evidence to assess Plaintiff's claims during the screening process via a Martinez report. In *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), rather than dismissing the complaint or sending it out for service and an answer, the district court ordered prison officials to conduct an investigation of the incident to include

an interrogation of those concerned. The transcripts of the interrogations and an explanation by the officials were to be provided to the court to enable it to decide the jurisdictional issues and make a screening determination under 28 U.S.C. § 1915(a). *Id*. at 319. The Ninth Circuit approved the use of Martinez reports in *In re Arizona*, 528 F.3d 652, 659 (9th Cir. 2008), concluding that, "[a]s a permissible option within its broad discretion, a district court in an appropriate case can issue a Martinez-style order that is reasonably tailored to the pretrial needs of the district court to assess the case."

The Court finds that it would be helpful to the screening process for the Idaho Department of Correction to provide the Ada County Sheriff's Office report of the investigation of Plaintiff's sexual assault allegations via a Martinez report.

## ORDER

**IT IS ORDERED:**

1. The Clerk of Court shall serve, via the ECF system, a copy of this Order and Plaintiff's Amended Complaint (Dkt. 3), with exhibits, on the following counsel on behalf of Defendant: **Mark Kubinski**, Deputy Attorney General for the State of Idaho, Idaho Department of Corrections, 1299 North Orchard, Ste. 110, Boise, Idaho 83706.

2. The Clerk need not send a waiver of service of summons at this time, because the case remains in screening status.

3. Counsel for Defendant are requested to make a limited appearance for the purpose of providing a Martinez report, supported by the Ada County Sheriff's Office report

of Jody Carr's report of sexual assault, and any other relevant records. The Martinez report should be filed within **90 days** after entry of this Order.

4. The Martinez report does not need to be in any particular format, but counsel can present the report in any organized manner that makes sense in response to the allegations of the Second Amended Complaint and this Order. Exhibits that implicate privacy or security concerns may be filed under seal or in camera, as may be appropriate. Exhibits filed in camera must be accompanied by a privilege or security log that is provided to Plaintiff.

5. Plaintiff may file a response of no more than ten pages to the *Martinez* report within **30 days** after the report is filed.

6. Plaintiff shall file nothing further except for a response of no more than 10 pages to the Defendant's Martinez report.

DATED: October 7, 2020

_____
David C. Nye
Chief U.S. District Court Judge