UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| JODY CARR, | Case No. 1:20-cv-00315-DCN |
| Plaintiff, | **SUCCESSIVE REVIEW ORDER** |
| vs. | |
| SGT. MILLER, | |
| Defendant. | |

In this prisoner civil rights action, Plaintiff Jody Carr submitted a Second Amended Complaint with exhibits (Dkt. 3), as ordered by the Court in the Initial Review Order in the original case from which this case was severed. *See Carr v. Page*, 1:20-cv-00146-DCN, Dkt. 13. Plaintiff is attempting to bring a due process claim based on a Disciplinary Offense Report (DOR) guilty finding for having made false allegations about being sexually assaulted by another prisoner, inmate Davis. Plaintiff asserts that the DOR itself was false and he should not have been issued "light sanctions of 20 days, Commissary Restrictions, and 10 days Recreations Restriction." *See* Dkt. 3, p. 17.

Because it appeared that Plaintiff's claims were subject to dismissal based on the pleadings, the Court issued a Successive Review Order requesting that counsel for Defendant Miller submit a Martinez Report and produce the Ada County Sheriff's investigation report upon which Defendant Miller relied to find Plaintiff guilty of the DOR at issue. Defendant Miller submitted the report and moved to keep the investigation report sealed in camera because of security and safety concerns. Dkts. 6, 7, 8.

Having reviewed the Second Amended Complaint and exhibits, the Martinez Report and exhibits, Plaintiff's reply and exhibits and the other filings in this case, the Court enters the following Order concluding that Plaintiff has failed to state a claim upon which relief can be granted.

Weighing the security and safety concerns presented by the investigative report against the light sanctions Plaintiff received from the DOR at issue and the nonviability of Plaintiff's civil rights claim even without the report, the Court concludes that Defendant's Motion to Seal will be granted, and Plaintiff's Motion to Compel Defendant's Documents Filed under Seal will be denied. The availability of the Ninth Circuit Court of Appeals to review the sealed documents upon which this decision is based is sufficient due process protection for Plaintiff in this instance.

1.  **Standard of Law**

Under modern pleading standards, Federal Rule of Civil Procedure 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal*/*Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, citing *Twombly*, 550 U.S. at 556.

In addition, the Prison Litigation Reform Act (PLRA)[1] requires the Court to screen

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory, under the *Iqbal/Twombly* standard.

The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989). Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff brings a due process claim under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

To state an actionable Fourteenth Amendment procedural due process claim, a plaintiff must allege facts showing "(1) a liberty or property interest protected by the

Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (citation omitted).

### A. Liberty or Property Interest

Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466–68 (1983), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472, 482-86 (1995). The Due Process Clause itself does not confer on prisoners a liberty interest in being confined in the general prison population instead of under more restrictive conditions. *See id.* But, a state may create a "constitutionally-protected liberty interest by requiring its decisionmakers to base their decisions on objective and defined criteria," before so restricting prisoners. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). If a state law or prison regulation is deemed to have created a liberty interest, the next step is to determine whether a violation of the law or regulation is actionable by focusing on the nature of the deprivation. *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

### B. Deprivation of Liberty or Property Interest

Liberty interests created by state law or prison regulations that entitle an inmate to due process are "generally limited to freedom from restraint." *Sandin*, 515 U.S. at 484 (internal citations omitted). A liberty interest arises only if the conditions of confinement impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

To determine whether the conditions of confinement pose an atypical and significant hardship, courts must conduct a "case by case, fact by fact" analysis of the "condition or

combination of conditions or factors" that the plaintiff experienced. *Serrano*, 345 F3d. at 1078 (citing *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir.1996)). That analysis includes: (1) if disciplinary, whether that condition was essentially the same as conditions in other forms of segregation, such as administrative segregation; (2) whether a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment"; and (3) whether the length of the plaintiff's sentence was affected. *Sandin*, 515 U.S. at 486-87; *see also Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000) (clarifying that, to prevail, a prisoner must establish a liberty interest, showing "that his confinement, *whether administrative or disciplinary*, presented "the type of atypical, significant deprivation [that] might conceivably create a liberty interest" (emphasis added).

**2.    Discussion**

   *A.  No Liberty Interest*

This civil action is very narrow. It was severed from another case to address only the question of whether Plaintiff can pursue a federal constitutional claim based on Sergeant Miller's guilty finding on a DOR where Plaintiff's only punishment was "light sanctions." There is no liberty interest in avoiding the "light" sanctions Plaintiff received, and, thus, it is evident from the pleadings that Plaintiff has not stated a claim upon which relief can be granted. The Constitution is not concerned with whether a prisoner serving a sentence for first degree murder has 20 days of commissary restriction and 10 days of recreation restriction. Therefore, *Sandin* factors 1 and 2 are not met.

In addition, the duration of confinement was not invariably affected by the DOR.

Plaintiff asserts that the DOR may affect his parole eligibility in 2028.[2] That the DOR may be reviewed during parole proceedings in the future is too speculative to meet the *Sandin* standard. *See Sandin*, 515 U.S at 487 ("The decision to release a prisoner rests on a myriad of considerations," and an inmate is generally "afforded procedural protection at his parole hearing in order to explain the circumstances behind his misconduct record"; therefore, "[t]he chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guaranties of the Due Process Clause.").

    The Court rejects Plaintiff's attempt to show, in response to the Martinez Report, that additional punishment was meted out to him for the allegedly false DOR, based on his allegations that officials conspired against him to place or keep him in segregation out of retaliation for his First Amendment legal activities. Those are claims separate from the specific DOR at issue, for which Plaintiff received the specific "light" punishment set forth in his Second Amended Complaint. He is also suing the Ada County Sheriff's Office employees involved in the sexual assault investigation in a different lawsuit. All of these additional claims are separate, and the dismissal of this case is not intended to affect those claims. Defendant has also alleged that such claims call into question whether Plaintiff has breached a global settlement agreement between Plaintiff and the State. *See* Dkt. 15 in Case No. 1:18-cv-00247-DCN.

    Here, it is clear that the commissary and recreation restrictions of 20 and 10 days respectively are well within the regular limits of what prisoners can expect from

---

[2] *See* IDOC Offender Search Details at https://www.idoc.idaho.gov/content/prisons/offender_search/detail/79004.

constitutional conditions of confinement for a felony conviction. *See Sandin*, 515 U.S. at 487 (explaining that punishment in the prison setting is not atypical if it is "within the range of confinement to be normally expected for one serving [the underlying sentence]"). *See, e.g., Davis v. Small*, 595 F. App'x 689, 691–92 (9th Cir. 2014) (unpub.) ("the Due Process Clause itself does not give rise to a protected liberty interest in a paying prison job, the possibility of favorable transfers, or particular phone and yard privileges.")

Further, Plaintiff's allegations show that the State clearly intended *not* to create a liberty interest for light sanctions arising from prisoners' violation of the rule that they not submit false claims. Plaintiff alleges: "Sgt. Miller gave me light sanctions of 20 days, Commissary Restrictions, and 10 days Recreations Restriction. This too is a Custom of IDOC/ISCC, on Bogus DORSs, knowing if the inmate is not really put out, he won't push the subject." Dkt. 3, p. 17. Prison officials are free to assign *objectively* "light sanctions" (as here) to any particular category of claims they desire in order to "make a statement" that no due process rights attach by virtue of such state action.

These claims cannot be saved by amendment. Therefore, this entire action will be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### B. The "Some Evidence Standard" is Met

Alternatively, if the Court considers the allegations under the "some evidence" standard, it still fails to state a claim. Due process for disciplinary actions demands only that the prison hearing officer's decision be supported by "some evidence," and that the evidence "have some indicia of reliability." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *Toussaint v. McCarthy*, 801 F.2d 1080, 1105 (9th Cir. 1986) ("*Toussaint I*"),

*abrogated in part on other grounds by Sandin v. Conner*. The "some evidence" standard is minimally stringent, and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached." *Hill*, 472 U.S. at 455-56.

Within the "some evidence" determination, the credibility of witnesses and evidence is for prison officials, not the court or a jury, to decide. *Hill*, 472 U.S. at 455. Statements by unidentified inmate informants constitute "some evidence," provided that the record contains facts from which it could reasonably be concluded that the information was reliable. *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir. 1987). When reviewing the facts of the hearing, the Court considers partiality, such as whether the hearing officer or appellate authority was involved in the investigation or charging process. *Walker v. Sumner*, 14 F.3d 1415, 1419–20 (9th Cir. 1994), *overruled on other grounds by Sandin*, 515 U.S. 472. Importantly, the "some evidence" inquiry is not aimed at whether state actors followed state law or prison procedures, but whether the procedural due process protections provided "survive constitutional scrutiny." *Walker*, 14 F.3d at 1420.

In this lawsuit, Carr challenges DOR No. 201677, for a Class B offense of False Statement I, which was reported by Sgt. Ryan Anderson on or about March 27, 2020. (In the IDOC prisoner disciplinary system, a Class A offense is more serious, while a Class C offense is less serious). Plaintiff alleged that another inmate, Mr. Davis, sexually assaulted him, and that prison officials blocked his ability to use the Prison Rape Elimination Act (PREA) to report the sexual assault, and then retaliated against him when he did report it.

It is undisputed that prison officials tendered the matter for a formal investigation to the Ada County Sheriff's Department in accordance with IDOC policy. A sergeant with

that unit conducted the investigation. *See* Dkt. 7. The Ada County Sheriff's sergeant concluded his investigation with a conclusion unfavorable to Plaintiff. The Ada County prosecutor reviewed the evidence and declined prosecution.

Thereafter, IDOC Sergeant Anderson issued the DOR based upon the Ada County Sheriff's investigation. Defendant Sergeant Miller was the hearing officer on the DOR. He held a hearing and found Plaintiff guilty. Defendant Miller concluded in the DOR:

> Other evidence discovered during the Ada County investigation corroborated that Inmate Carr had solicited other inmates to make false claims, false witness, and even assault inmate Carr in exchange for payment. These actions were done by Inmate Carr with the ultimate goal of generating future factitious [sic] lawsuits that target staff and other inmates.
>
> The collective evidence shows that Inmate Carr made false statements that resulted in a formal investigation by the Ada County Sheriff's department.

*Id*.

Appellate authority Timothy McKay reviewed Plaintiff's DOR guilty finding and concluded that "the report supports the findings of the DOR with more than the required "some evidence." *Id*., p. 18.

Plaintiff alleges that prison officials "poisoned the well" before the investigation by telling the Ada County Sheriff's Department that Plaintiff's claims were fabricated. It is undisputed that the scope of the sergeant's investigation included whether Plaintiff's claims were fabricated, because a conclusion that Davis's denial of sexual assault left open the conclusion that Plaintiff's allegations were untrue, that is, fabricated. Therefore, Plaintiff's allegations that prison officials raised one of two possible obvious outcomes from the

investigation does not show that the entire independent investigation was tainted. Rather, the *Hill* standard requires only that the hearing officer not be involved in the investigation that is the subject matter of prison disciplinary action. Here, the hearing officer was an IDOC employee uninvolved in the Ada County Sheriff's investigation.

Plaintiff also alleges that Ada County officials threatened and intimidated Mr. Davis and Plaintiff's inmate witnesses into supporting the prison officials' contention that the sexual assault claims were fabricated by Plaintiff. However, the report contains many different sources of information upon which Sergeant Miller could have relied to support the guilty finding. There is enough in the record to constitute "some evidence," and there is nothing in the report to show that each and every piece of material evidence was tainted by any alleged threats and intimidation.

Further, Plaintiff argues that Mr. Davis's opinion is unreliable, and he offers other evidence to show that Mr. Davis has wavered back and forth in what he says is the truth. Plaintiff also attacks Mr. Davis on other personal bases unrelated to the claims in this action and unrelated to the issue of credibility (which the Court need not decide here because of the extent of the information in the Ada County investigation report). Plaintiff's attacks on Mr. Davis's credibility do not overcome the other evidence in the record that still constitutes "some evidence."

Finally, Plaintiff's attempts to rely on "conspiracy" allegations that he settled and released in his global settlement agreement cannot be used here to dispute that the Ada County Sheriff's report contains "some evidence" upon which Sergeant Miller could rely for a guilty finding. *See* Docket 15 in Case No. 1:18-cv-00247-DCN, of which the Court

SUCCESSIVE REVIEW ORDER - 10

takes judicial notice. It is worth repeating that the "some evidence" standard is minimally stringent, and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached." *Hill*, 472 U.S. at 455-56 (emphasis added).

### C. *"No Shred of Evidence" Standard Not Met*

For the same reason that the "some evidence standard is met, the Court concludes that the pleadings and the Martinez Report reflect that the *Burnsworth v. Gunderson* "no shred of evidence" standard is *not* met. The record reflects enough evidence to meet the "some evidence" standard and that the evidence has "some indicia of reliability"—all that is required here. The Court acknowledges that the federal district courts in the Ninth Circuit are awaiting guidance from the Ninth Circuit Court of Appeals whether *Burnsworth* remains viable in light of *Swarthout*'s potential overruling of that theory of recovery.[3] Therefore, rather than decline to address the issue, this Court concludes that Plaintiff does not meet the *Burnsworth* standard. Clarification of the law on any appeal is essential to the lower court's need to balance protection of prisoner civil rights against the public's interest in not having the federal courts clogged with minor issues with which the Constitution is not concerned.

---

[3] An exception allowing a prisoner to pursue a procedural due process claim without showing a liberty interest may apply if prison officials have found a prisoner guilty of a disciplinary infraction at a hearing where "no shred of evidence of the inmate's guilt is presented." *Burnsworth v. Gunderson*, 179 F.3d 771, 775 (9th Cir. 1999). In that limited circumstance, a prisoner is entitled to pursue a due process claim even if he or she did not demonstrate a cognizable liberty interest, because a disciplinary hearing finding unsupported by evidence violates due process "wholly apart from the conditions of confinement and without regard to the *Sandin* requirements." *Nonnette v. Small*, 316 F.3d 872, 878-79 (9th Cir. 2002). Whether this theory remains viable after *Swarthout v. Cooke*, 562 U.S. 216 (2011), need not be addressed here. *See Smith v. Powell*, No. 2:14-CV-01725-SB, 2016 WL 1183086, at *2 (D. Or. Mar. 28, 2016) (declining to address whether *Burnsworth* was overruled by *Swarthout*), *aff'd*, 693 F. App'x 610 (9th Cir. 2017).

## PLAINTIFF'S MOTION FOR EMERGENCY RELIEF

Plaintiff's Motion for Emergency Assistance and a Stay (Dkt. 12) will be denied. Plaintiff asserts that IDOC officials stole his complaint against Ada County Sheriff's officials. However, that action has been filed with the Court in Case No. 1:20-cv-00491-DCN, and, therefore, the issue is moot.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion to Seal and for In Camera Review (Dkt. 7) is GRANTED.

2. Plaintiff's Motion for Emergency Assistance and a Stay (Dkt. 12) is DENIED as MOOT.

3. Plaintiff's Motion to Compel Defendant's Documents Filed under Seal (Dkt. 13) is DENIED.

4. Plaintiff's Second Amended Complaint is DISMISSED with prejudice to failure to state a claim upon which relief can be granted.

5. No further amendments will be entertained in this action.

6. Plaintiff's request to refer cases and evidence to the U.S. Department of Justice (Dkt. 19) is DENIED.

DATED: June 25, 2021

_____
David C. Nye
Chief U.S. District Court Judge